IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| DARLTON SHAINE POWELL, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| v. | ] | 4:12-cv-3751-RDP-RRA |
| | ] | |
| ERIC HOLDER, et al., | ] | |
| | ] | |
| Respondents. | ] | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The petitioner, Darlton Shaine Powell, a native and citizen of Jamaica, is incarcerated at the Etowah County Jail, in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"). In the petition, Powell alleges that he is being illegally detained, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001), pending his deportation to Jamaica.

In response to the court's order to show cause, the respondents have filed a response in which they maintain that the petition is due to be dismissed. The parties were advised that the respondents' answer would be treated as a motion for summary dismissal. The order further allowed the petitioner an opportunity to file affidavits or other material in opposition to the motion and advised him of the consequences of default. In response, the petitioner has filed a traverse.

Powell entered the United States on July 10, 1996, as a non-immigrant with authorization to remain in the country for six months. *Declaration of Christopher Morris*,

Court Document 6-1 at page 1.  On May 3, 2010, Powell was ordered to be removed from the United States, after being convicted of two crimes in Nevada.  *Id*. at page 1-2.  The removal order became final on October 12, 2010, when Powell's appeal from the removal order was denied.  *Id*. at 2.  On November 17, 2010, Powell filed a petition for review in the Eleventh Circuit Court of Appeals, and a stay of removal was granted.  *Id*.  On December 17, 2010, the petition for review was transferred from the Eleventh Circuit to the Ninth Circuit Court of Appeals since Powell's immigration case had originated in Nevada.  *Id*.  The stay of removal remained in place in the Ninth Circuit and is still pending.  *Id*.  The respondents assert that because Powell is under a stay of removal, he is not within the removal period and the petition should be dismissed.

Powell filed this petition on June 29, 2012.  He asserts that his detention violates 8 U.S.C. § 1231(a)(6), *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his due process rights.  The petitioner's detention pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a).  That section provides that the Attorney General is afforded a 90-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.  *See* 8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated the detention of an alien who has been ordered removed.  *See* 8 U.S.C. § 1231(a)(2).  The Attorney General may continue to detain an alien after the expiration of the 90-day removal period.  *See* 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis,* 533 U.S. 678 (2001), the United States Supreme Court held that section 241(a) of the INA authorizes detention, after entry of an administratively final order

of deportation or removal, for a period "reasonably necessary" to accomplish the alien's removal from the United States. *Zadvydas*, 533 U.S. at 699-700. The Court recognized six months as a presumptively reasonable period of time to allow the government to accomplish an alien's removal after the removal period has commenced. *Id.* at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* As long as removal is reasonably foreseeable, the alien's potential dangerousness or risk of his committing further crimes may be considered in determining whether to retain custody. *Zadvydas*, 533 U.S. at 700.

Additionally, certain acts by an alien can allow the government to legally continue his detention. Section 1231(a)(1)(C) states:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make a timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C); *see also* 8 C.F.R. § 241.4(g)(5)(I). The "removal period" starts on the latest of the following:

>> (i) The date the order of removal becomes administratively final;

3

>    (ii)  **If the removal order is judicially reviewed and** *if a court orders a stay of the removal of the alien, the date of the court's final order*; or
>
>    (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

In this case, Powell's removal period has been stayed because the Ninth Circuit Court of Appeals issued a stay of removal and a final order has not been issued by the court. The *Zadvydas* presumptively reasonable six-month period for removal after issuance of a final order is tolled when an alien requests judicial review of a removal order and a court orders a stay of removal. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n. 4 (11th Cir. 2002). Thus, Powell's claim that he is being held in violation of *Zadvydas* is premature because the removal period has been stayed.

## <u>RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT</u>

Accordingly, the magistrate judge recommends that the respondents' motion for summary judgment be GRANTED and that the petition be DISMISSED.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues

covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner and counsel for the respondents.

Done this 22nd day of May, 2013.

_____
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE